IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARL A. MARTIN,<br><br>    Plaintiff,<br><br>vs.<br><br>NEBR DEP'T OF CORRECTIONS STAFF, in Official and Individual Capacites; STOUT, Officer - in Official and Individual Capacites; BIGFORD, Case Worker - in Official and Individual Capacites; 4-7 OFC, in Official and Individual Capacites; TOWER OFFICER, in Official and Individual Capacites; MASTER CONTROL OFC'S, in Official and Individual Capacites; SECURITY CAMERA OFC'S, in Official and Individual Capacites; and NURSES, All on Duty that day in Official and Individual Capacites;<br><br>    Defendants. | 8:17CV250<br><br>**MEMORANDUM<br>AND ORDER** |

    Plaintiff filed a Complaint on July 12, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 7.) On August 17, 2017, he paid the initial partial filing fee. (*See* Docket Sheet.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

    Plaintiff, a prisoner at the Tecumseh State Correctional Institution ("TSCI"), sues several known and unknown individuals employed at TSCI in their official and individual capacities for an assault that he suffered on January 5, 2013, from two inmates. He alleges that corrections staff conspired together to allow the

assault and that medical staff afterward failed to respond to his complaints of pain from his injuries until after "a month or better" when they finally prescribed him a pain pill. He seeks $75,000,000 total in damages. (Filing No. 1.)

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U. S. 384, 387 (2007). In Nebraska, § 1983 actions are limited by a four-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207. Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Wallace*, 549 U.S. at 388; *Montin*, 636 F.3d at 413. The standard rule is that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. *Wallace*, 549 U.S. at 388. Under that rule, the tort cause of action accrues, and the statute of limitations commences to run, when the plaintiff knew or should have known of the injury that forms the basis of the claim. *Id.* at 391. The statute of limitations is not tolled during a term of imprisonment absent "a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights[.]" *Gordon v. Connell*, 545 N .W.2d 722, 726 (Neb. 1996).

Here, the causes of action accrued on January 5, 2013, the date on which corrections staff allegedly conspired to allow the assault and the date of Plaintiff's injuries. Plaintiff did not file the current action until July 12, 2017, approximately six months after the four-year statute of limitations expired. The court will allow Plaintiff an opportunity to show cause within 30 days why this case should not be dismissed as frivolous because the statute of limitations has run. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (district court can dismiss an in forma pauperis complaint if it is apparent the statute of limitations has run).

IT IS THEREFORE ORDERED that:

1. Plaintiff has 30 days to show cause why this case should not be dismissed as frivolous because the statute of limitations has run. Failure to do so will result in dismissal of this action without further notice to Plaintiff.

2. The clerk's office is directed to set a pro se case management deadline in this matter with the following text: **October 23, 2017**: check for response to show cause order.

Dated this 22nd day of September, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge