IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARL A. MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>NEBR DEP'T OF CORRECTIONS STAFF, in Official and Individual Capacites; STOUT, Officer - in Official and Individual Capacites; BIGFORD, Case Worker - in Official and Individual Capacites; 4-7 OFC, in Official and Individual Capacites; TOWER OFFICER, in Official and Individual Capacites; MASTER CONTROL OFC'S, in Official and Individual Capacites; SECURITY CAMERA OFC'S, in Official and Individual Capacites; and NURSES, All on Duty that day in Official and Individual Capacites;<br><br>Defendants. | 8:17CV250<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's "Motion to Show Cause." ([Filing No. 11](#).) For the reasons discussed below, the court will dismiss Plaintiff's claims against Defendants with prejudice.

## I. BACKGROUND

Plaintiff filed this action on July 12, 2017. ([Filing No. 1](#).) Plaintiff, a prisoner at the Tecumseh State Correctional Institution ("TSCI"), sues several known and unknown individuals employed at TSCI in their official and individual capacities for an assault that he suffered on January 5, 2013, from two inmates. He

alleges that corrections staff conspired together to allow the assault and that medical staff afterward failed to respond to his complaints of pain from his injuries until after "a month or better" when they finally prescribed him a pain pill. (*Id*.)

On September 22, 2017, the court conducted an initial review of Plaintiff's Complaint and determined that Plaintiff's claims appeared to be filed outside the applicable four-year statute of limitations period. (Filing No. 10.) The court ordered Plaintiff to show cause why this action should not be dismissed as untimely based on the applicable statute of limitations. (*Id*.) In response, Plaintiff filed the present motion (Filing No. 11) on October 18, 2017.

## II. DISCUSSION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983. In Nebraska, § 1983 actions are limited by a four-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); NEB. REV. STAT. § 25-207. As the court stated in its order to show cause, Plaintiff's causes of action accrued on January 5, 2013, more than four years prior to the date on which Plaintiff filed his Complaint on July 12, 2017. (Filing No. 10 at CM/ECF p.2.) Nebraska's tolling statute, NEB. REV. STAT. § 25-213, provides that the limitations period may be tolled under certain circumstances, including for periods of imprisonment. However, the Nebraska courts have interpreted section 25-213 to mean that a term of imprisonment does not toll the limitations period absent "a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights." *Gordon v. Connell*, 545 N.W.2d 722, 726 (Neb. 1996).

In his "Motion to Show Cause," Plaintiff asserts that this action should not be dismissed because:

2

> (1) Plaintiff attempted to resolve this matter through the Nebraska Department of Corrections by following the policies and procedures listed in the NDCS Rules and Regulations Title 68 Chapter 2 Greivance [sic] procedures.
>
> (2) The Movant then sought releif [sic] through the Tort Claim process through the State of Nebraska and the Johnson County District Court as seen on attached documentation.

(Filing No. 11 at CM/ECF p.1.) The attached documentation to which Plaintiff refers indicates that Plaintiff filed a tort claim against the State of Nebraska on December 24, 2014. (Id. at CM/ECF p.2.) That tort claim was denied on March 4, 2016. (Id. at CM/ECF p.6.) In April or May 2017, Plaintiff filed an action in the District Court of Johnson County, Nebraska, which is still pending according to Plaintiff's Complaint. (Filing No. 1 at CM/ECF p.2; *see also* Filing No. 11 at CM/ECF pp.7–8.) Plaintiff states that during these various state proceedings, he "at no time stalled or delayed any action in this matter." (Filing No. 11 at CM/ECF p.1.)

Through his Motion to Show Cause and its attachments, Plaintiff essentially argues that the four-year limitations period should have been tolled during the pendency of his grievance and state tort claim proceedings. A federal court considering a section 1983 claim applies the tolling rules of the jurisdiction from which it draws the limitations period, in this case Nebraska. *See Bd. of Regents of Univ. of State of New York v. Tomanio*, 446 U.S. 478, 487 (1980). The Nebraska Supreme Court rejected an argument similar to Plaintiff's in *Brodine v. Blue Cross Blue Shield of Neb.*, 724 N.W.2d 321 (Neb. 2006). In *Brodine*, the Nebraska Supreme Court found that the statute of limitations was not tolled based on equitable principles during the pendency of a federal lawsuit between the same parties involved in the state action. *Id.* at 329. The court reasoned that the filing of the state action was not dependent upon the resolution of any issues in the federal

3

lawsuit and, more importantly, the limitations period had not run by the time the federal action was dismissed. *Id.*

As in *Brodine*, the filing of Plaintiff's § 1983 action in this court was not dependent upon the resolution of the grievance or state proceedings. S*ee Walker v. Wegner*, 624 F.2d 60, 61 (8th Cir. 1980) ("[T]he Federal remedy provided under § 1983 is intended to supplement State remedies so that the latter need not be exhausted before the former is invoked."). Moreover, Plaintiff received notice that his state tort claim was denied on March 4, 2016, a full 10 months prior to the expiration of the four-year statute of limitations. Plaintiff did not file his action in state district court until over a year later in April or May of 2017 and did not file the present action until July 12, 2017. Plaintiff has not provided any reason for the delay in pursuing his federal constitutional claims that would support equitable tolling of the statute of limitations, and the court finds that the statute of limitations was not tolled by the pendency of Plaintiff's state proceedings.

Accordingly, the court finds Plaintiff's claims are untimely and must be dismissed. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (district court can dismiss an in forma pauperis complaint if it is apparent the statute of limitations has run).

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice because Plaintiff did not file his claims within the relevant statute of limitations period.

2. The court will enter judgment by a separate document.

Dated this 26th day of October, 2017.

> BY THE COURT:
>
> s/ *Richard G. Kopf*
> Senior United States District Judge